IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT G. HARKEY,

                Plaintiff,                        ORDER

     v.                                            07-C-332-C

BECKY DRESSLER, Manager, SCI, HSU;
PATTY SCHERREIKS, Registered Nurse, SCI, HSU;
and EMILY BOWE, Sgt., SCI Security Staff,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In an order entered in this case on July 9, 2007, I granted plaintiff leave to proceed on three claims:

       1) that defendants Emily Bowe and Patty Scherreiks knew that plaintiff was at serious risk of injury but intentionally or recklessly disregarded that risk when they forced him to work in a "germ-filled" prison laundry with a poorly covered surgical incision;

       2) that defendant Patty Scherreiks was deliberately indifferent to plaintiff's serious medical needs when she failed to insure that plaintiff received medication for a bacterial infection plaintiff developed at the site of the incision; and

       3) that defendant Becky Dressler was deliberately indifferent to plaintiff's serious dental health needs when she ignored plaintiff's requests for dentures.

In the same order, I denied plaintiff leave to proceed on his claims that defendants Bowe, Wallace and Sweeney denied him his rights under the Americans with Disabilities Act when he was fired from his prison job and that unnamed defendants withheld his mail in retaliation for his having brought this lawsuit.

Defendants have answered the complaint and a preliminary pretrial conference was held on September 12, 2007 before Magistrate Judge Stephen Crocker. At that time, the magistrate judge set a schedule for moving this case to resolution. Now, however, I must stay the proceedings, because a recent ruling of the Court of Appeals for the Seventh Circuit requires me to sever plaintiff's claims into two separate lawsuits, and plaintiff will have to choose which of the two lawsuits he wishes to prosecute under the case number assigned to this action.

In George v. Smith, --- F.3d ---, No. 07-1325 (7th Cir. Nov. 9, 2007) (copy attached), the court of appeals ruled that a prisoner may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit. Rather, district courts must sever unrelated claims against different defendants or sets of defendants and require that the claims be brought in separate lawsuits. The court reminded district courts Fed. R. Civ. P. 18 and 20 apply as much to prisoner cases as they do to any other case.

Fed. R. Civ. P. 20(a) provides that a plaintiff may sue more than one defendant when

2

his injuries arise out of "the same transaction, occurrence, or series of transactions or occurrences" and when there is "any question of law or fact common to all defendants." Rules 18 and 20 operate independently. 7 Charles Alan Wright et al., Federal Practice & Procedure, § 1655 (3d ed. 1972). Thus, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences *and* presents questions of law or fact common to all. Id.; 3A Moore's Federal Practice ¶ 20.06, at 2036-2045 (2d ed. 1978). If the requirements for joinder of parties have been satisfied under Rule 20, only then may Rule 18 be used to allow the plaintiff to join as many other claims as the plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions. Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure).

In applying Rules 18 and 20 to this case, I conclude that plaintiff's complaint must be divided into two separate lawsuits. In what I will call Lawsuit #1, it is proper under Rule 20 for plaintiff to sue defendants Emily Bowe and Patty Scherreiks together on his claim that these defendants exposed him to a serious risk of harm when they made him work in a "germ-filled" prison laundry with a poorly covered surgical incision. Further, it is proper under Rule 18 for plaintiff to include in Lawsuit #1 his claim that defendant Scherreiks was

3

deliberately indifferent to his serious medical needs when she failed to insure that he received medication for a bacterial infection he later developed. However, plaintiff's claim that defendant Becky Dressler was deliberately indifferent to his serious dental health needs when she ignored his requests for dentures is unrelated to the claims raised in Lawsuit #1 and involves a defendant who is not a party in Lawsuit #1. Therefore, plaintiff's claim against defendant Dressler belongs in a separate lawsuit, which I will call Lawsuit #2.

In light of George, I may apply the initial partial payment plaintiff paid in this case, and any subsequent payments he may have made to only one of the two lawsuits I have identified above. Plaintiff will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuit, plaintiff has a more difficult choice. He may choose to pursue it separately, in which case he will be required to pay an additional filing fee, beginning with an initial partial payment in the amount of $7.09 (the partial fee payment that was calculated from plaintiff's trust fund account statement at the time he filed this action) and the remainder of the filing fee in installments as required by 28 U.S.C. § 1915(b)(2). Alternatively, he may choose to dismiss the remaining lawsuit voluntarily. If he chooses this latter route, plaintiff will not owe an additional filing fee. Moreover, the remaining lawsuit would be dismissed without prejudice, so plaintiff would be able to bring it in another lawsuit, at another time.

I understand that it is not normally the case that a lawsuit may be withdrawn without prejudice when a case has progressed as far as this one has. However, in light of the unanticipated and far-reaching effect of the George decision on existing prisoner litigation, I intend to permit prisoner litigants in cases pending in this court at the time the George opinion was issued to dismiss without prejudice the separate lawsuits within their original complaint that have been identified as requiring severance.

One further matter requires comment. In George, the court of appeals ruled that if a prisoner brings a lawsuit raising multiple claims and if any one or more of those claims is dismissed at the time of screening because it is frivolous, malicious or fails to state a claim upon which relief may be granted, a strike under 28 U.S.C. § 1915(g) is to be recorded against the plaintiff. At the time this court screened plaintiff's complaint in this case, it dismissed his claims against defendants Frank, Wallace and Sweeney for plaintiff's failure to state a claim on which relief may be granted. Therefore, a strike will be recorded against plaintiff for filing a complaint containing claims subject to the three-strikes provision of the Prison Litigation Reform Act.

ORDER

IT IS ORDERED that

1. Plaintiff may have until December 10, 2007, in which to advise the court and

5

defendants on which one of the separately numbered lawsuits identified in the body of this opinion he wishes to proceed.  As to this one lawsuit, plaintiff's existing case number and fee obligation will be applied.

2.  Plaintiff may have until December 10, 2007, in which to advise the court whether he will prosecute the remaining separately numbered lawsuit or withdraw it voluntarily.

3.  If plaintiff withdraws the remaining lawsuit, he will not owe a second filing fee.

4.  If plaintiff advises the court he intends to prosecute the remaining lawsuit, plaintiff will owe a separate $350 filing fee, starting with an initial partial payment of $7.09, which he must pay by December 17, 2007.  The payment may be submitted by a check or money order made payable to the clerk of court.  The remainder of the filing fee, will be collected in installments in accordance with 28 U.S.C. § 1915(b)(2).

5.  If, by December 10, plaintiff fails to respond to this order, I will enter an order dismissing the lawsuit as it presently exists with prejudice for plaintiff's failure to prosecute.

6.  A strike is recorded against plaintiff for having filed a lawsuit containing legally meritless claims.

7. All other proceedings in this action are STAYED pending plaintiff's response to this order.

Entered this 26th day of November, 2007.

                                         BY THE COURT:
                                         /s/
                                         BARBARA B. CRABB
                                         District Judge