IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT G. HARKEY,

                                            ORDER

                  Plaintiff,

                                    07-cv-332-bbc

        v.

PATTY SCHERREIKS, Registered Nurse, SCI, HSU;
and EMILY BOWE, Sgt., SCI Security Staff,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In this action, plaintiff is proceeding on his claims that defendants Emily Bowe and Patty Scherreiks exposed him to conditions of confinement that violate the Eighth Amendment.  On January 18, 2007 defendants Scherreiks and Bowe moved for summary judgment.  Plaintiff's response to defendant's motion was to be filed not later than February 18, 2008.

     Now, however, instead of opposing defendant's motion plaintiff has filed a motion to dismiss his case voluntarily because he has concluded that he cannot possibly prevail on his claims.  Also before the court is defendants' motion to grant their motion for summary judgment and enter judgment dismissing plaintiff's case with prejudice.

1

When a motion for voluntary dismissal is filed after the defendant has filed an answer or motion for summary judgment such as in this case, Rule 41(a)(2) provides that the action may be dismissed by the plaintiff "only upon order of the court and upon such terms and conditions as the court deems proper."  Defendant has been required to defend this action to the point of filing a motion for summary judgment that plaintiff did not oppose.  Under these circumstances, I will grant plaintiff's motion for voluntary dismissal only if the dismissal is with prejudice.  This means that the order dismissing the case will serve as a judgment on the merits in favor of defendants.

Plaintiff appears to be aware that his request to dismiss at this late stage is not without consequences.  He states, "Plaintiff realizes that by withdrawing his complaint, there may be penalties for doing so."  Nevertheless, he may not have anticipated that he would be foreclosed for all time from suing defendants for the alleged misconduct he raised in this case.  Therefore, I will give plaintiff until March 7, 2008, in which to withdraw his request for voluntary dismissal and submit a response to defendants' motion for summary judgment that complies with this court's summary judgment procedures, a copy of which was sent to plaintiff earlier.  If, by March 7, 2008, plaintiff fails to withdraw his request of voluntary dismissal of the action, the clerk will be directed to enter judgment in favor of defendants, dismissing this case with prejudice.

Because I am asking plaintiff to choose between dismissing his case with prejudice or

responding to defendant's motion for summary judgment, defendants' motion to grant their motion for summary judgment and enter judgment dismissing plaintiff's complaint with prejudice will be denied as moot.

ORDER

IT IS ORDERED that plaintiff may have until March 7, 2008, in which to withdraw his request for voluntary dismissal and to submit a response to defendants' motion for summary judgment that complies with this court's  summary judgment procedures. If, by March 7, 2008, plaintiff fails to withdraw his request for voluntary dismissal of the action, I will assume that he does not oppose a dismissal of this action with prejudice and the clerk of court is requested to enter judgment in favor of defendants dismissing this case with prejudice.

Further, IT IS ORDERED that defendants' motion to grant their motion for summary judgment and dismiss plaintiff's complaint on the merits and with prejudice is DENIED as moot.

Entered this 27th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3